IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,630-01




EX PARTE CLAUDE KENNETH DANFORTH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 11,594-A IN THE 46TH DISTRICT COURT
FROM WILBARGER COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated and was sentenced to twenty years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things,


 that his trial counsel rendered ineffective assistance
because counsel failed to file a motion to suppress evidence, and coerced Applicant into pleading
guilty despite the lack of evidence to support the conviction. Applicant alleges that the State made
a ten-year offer prior to trial, which he wanted to accept, but trial counsel advised him to wait to
make a decision. According to Applicant, the State then withdrew the ten-year offer, and
subsequently offered twenty years instead. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of the plea documents in
this case, including any written plea agreement, the admonishments, waivers, stipulations and
judicial confession. The trial court shall make findings as to whether the State ever extended a ten-year offer to Applicant, whether trial counsel communicated all plea offers to Applicant, and whether
counsel advised Applicant not to accept any of the State’s offers, or, as Applicant alleges, advised
Applicant to “wait” until it was too late to accept any particular offer. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant’s trial counsel
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed:  January 15, 2014
Do not publish